IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TASBY TYRONE LEATHERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 07-CV-644-TCK-SAJ |
| | ) | |
| JUSTIN JONES, Director, ODOC, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 13). Despite being granted an extension of time, Petitioner, a state inmate appearing *pro se*, did not file a response to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition is time-barred. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

*BACKGROUND*

Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2003-658. See Dkt. # 14, Ex. 1. The docket sheet provided by Respondent reflects that on June 2, 2005, the state district court found Petitioner guilty after accepting his pleas of *nolo contendere* to Trafficking in Illegal Drugs (Count 1) and to Failure to Signal (Count 2). See Dkt. # 14, Ex. 1. On that date, Petitioner was sentenced to fifteen (15) years imprisonment and fined $25,000 on Count 1 and fined $10 on Count 2. On June 6, 2005, Petitioner filed a motion to withdraw his plea of *nolo*

*contendere*. Id. On June 13, 2005, the state district court held a hearing and denied Petitioner's motion to withdraw plea. Id. Petitioner perfected a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). However, on November 15, 2005, Petitioner filed a motion to dismiss appeal supported by an affidavit stating that he understood he would be barred from raising any error in his case in the future by seeking dismissal of the appeal. By Order filed December 8, 2005, in Case No. C 2005-595, the OCCA recognized Petitioner's waiver and granted the motion to dismiss the *certiorari* appeal. See Dkt. # 14, Ex. 2.

On March 21, 2006, Petitioner filed an application for post-conviction relief. See Dkt. # 14, Ex. 1. The state district court denied the application by order filed July 11, 2006. Id. Petitioner appealed to the OCCA, and by order filed November 8, 2006, in Case No. PC-2006-0860, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 14, Ex. 3.

Petitioner commenced this habeas corpus action on November 8, 2007. See Dkt. # 1.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the exercise of
> due diligence.
>    (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or claim
> is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner's *certiorari* appeal in the OCCA was dismissed on Petitioner's motion, his conviction became final, pursuant to § 2244(d)(1)(A), on December 8, 2005, the day the OCCA granted his motion to dismiss and dismissed the appeal. The Court agrees with Respondent that Petitioner is not entitled to an additional 90 days for seeking *certiorari* review in the United States Supreme Court because the OCCA's order granting Petitioner's own motion to dismiss the *certiorari* appeal would not be reviewable by the Supreme Court.[1] See Rule 13(1), *Rules of the United States Supreme Court* (providing time frames for seeking *certiorari* to review a <u>judgment</u> entered by a state court of last resort (emphasis added)). As a result, his one-year limitations clock for any claim challenging his conviction began to run on December 8, 2005. Absent a tolling event, a federal petition for writ of

---

[1] The Court notes that even if Petitioner were credited with the ninety (90) days for seeking *certiorari* review at the Supreme Court, his petition would still be untimely. Under that scenario, his conviction would have been final ninety (90) days after December 8, 2005, or on March 8, 2006. In the absence of tolling, his § 2254 petition would have to be filed by March 8, 2007 to be timely. His state post-conviction proceedings were pending for a total of 232 days, thereby extending the deadline an additional 232 days beyond March 8, 2007, or to October 26, 2007. Petitioner filed his habeas petition, at the earliest, on November 7, 2007, or twelve (12) days beyond even the latest possible deadline.

habeas corpus filed after December 8, 2006, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

On March 21, 2006, or well before expiration of the one-year limitations period, Petitioner filed an application for post-conviction relief. Pursuant to 28 U.S.C. § 2244(d)(2), Petitioner is entitled to tolling of the limitations period during the pendency of his properly filed post-conviction proceeding. The OCCA concluded post-conviction review by affirming the state district court's denial of relief on November 8, 2006. Therefore, Petitioner's limitations clock stopped running on March 21, 2006, and started running again on November 8, 2006, for a total tolling period of 232 days. As a result, Petitioner's deadline for filing his 28 U.S.C. § 2254 habeas corpus petition was extended 232 days beyond December 8, 2006, or to July 28, 2007. However, Petitioner waited until November 8, 2007, or more than three (3) months after expiration of the limitations period, to file his federal petition for writ of habeas corpus. As noted by Respondent, see Dkt. # 14 at 4 n.1, Petitioner states in his certificate of mailing that he placed his petition in the prison mailing system on November 7, 2007. See Dkt. # 1 at 23. Even if the Court credits Petitioner with a filing date of November 7, 2007, see Houston v. Lack, 487 U.S. 266 (1988), his petition is untimely unless he demonstrates entitlement to other statutory or equitable tolling of the limitations period.

Petitioner failed to file a response to Respondent's motion to dismiss. Paragraph 18 of the court-approved form for seeking habeas corpus relief provides an opportunity for the petitioner to explain why the one-year statute of limitations does not bar the petition. Petitioner typed "not applicable" in the space provided for paragraph 18. See Dkt. # 1 at 22. However, in his "pro se motion for documents without costs" (Dkt. # 3), filed contemporaneously with the habeas petition, Petitioner alleges in a footnote that "a litany of impediments have arose in this filing from slow

4

walking by Facility of IFP Affidavit, inaccessibility of a timely copying practice and procedure (which currently does not comply with time frames of ODOC Policy, and CCA policies), to also include a Library Facility which does not contain the contracted required inventory and forces ODOC Offenders to rely in large part upon a dilatory contract Offender Counsel Don G. Pope." See Dkt. # 3.  To the extent that statement represents a request for statutory and/or equitable tolling of the limitations period, the Court finds the request should be denied.

First, the Court rejects any claim by Petitioner that inadequacies in his facility's legal reference materials or equipment constitute a state impediment under § 2244(d)(1)(B) and serve to extend the limitations period.  Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting § 2244(d)(1)(B) claim of impediment from constitutionally inadequate access to legal materials, holding "[i]t is not enough to say that the . . . prison facility lacked all relevant statutes and case law or that the procedure to request specific material was inadequate"). As discussed above, Petitioner's one-year period began to run pursuant to § 2244(d)(1)(A), when his conviction became final.

The Court also finds that Petitioner has failed to demonstrate entitlement to equitable tolling. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling.  See Miller, 141 F.3d at 978; see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Petitioner has not met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808 (stating that AEDPA's statute of limitations is subject to equitable tolling in "rare and exceptional circumstances"). Under the facts alleged, Petitioner is not entitled to equitable tolling due to

5

inadequacies of his prison's legal research facilities. Cf. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citations omitted). He neither alleges that he requested legal resources which were denied, nor explains how the lack of such resources prevented his timely filing. His bare allegations regarding inadequacies in the resources and equipment available at his institution are presented in a footnote in his motion requesting file-stamped copies. Such vague and conclusory allegations do not justify equitable tolling. Cf. Miller, 141 F.3d at 978. Petitioner has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to extraordinary circumstances beyond his control. Gibson, 232 F.3d at 808.

Furthermore, Petitioner has not demonstrated that he pursued his federal claims diligently. He failed to file a response to Respondent's motion to dismiss and has offered no explanation for his failure to file his habeas corpus petition promptly upon conclusion of his post-conviction appeal on November 8, 2006. There is simply no evidence in this case that Petitioner diligently pursued his federal claims.

Finding no statutory or equitable basis for further extending the limitations period, the Court concludes that the petition for writ of habeas corpus, filed at the earliest on November 7, 2007, is untimely. Respondent's motion to dismiss shall be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 13) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

DATED THIS 25th day of August, 2008.

TERENCE KERN
UNITED STATES DISTRICT JUDGE